UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and the BOARD OF TRUSTEES of the Greater St. Louis Construction Laborers Welfare Fund; CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers Pension Trust of Greater St. Louis; CONSTRUCTIONLABORERS & CONTRACTORS TRAINING FUND OF EASTERN MISSOURI, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers & Contractors Training Fund of Eastern Missouri; and LOCAL UNION NOS. 42-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, | Case No. |
| Plaintiffs, | |
| v. | |
| ST. CHARLES COUNTY PIPING, INC. | |
| Defendant. | |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.  Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Welfare Fund is the Plan Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502

1

of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145. Plaintiff Board of Trustees of the Pension Fund is the Plan Sponsor of the Pension Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, Construction Laborers & Contractors Training Fund of Eastern Missouri, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Board of Trustees of the Training Fund is the Plan Sponsor of the Training Fund is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant St. Charles County Piping, Inc. is a Missouri corporation. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515

of the Employee Retirement Income Security Act of 1974, as amended, §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C §§152(2), (6) and (7).

7. This Court has jurisdiction by reason of Sections 502(a)(3) (ii), (d), and 515 of the Employee Retirement Income Security Act of 1974, as amended, §1132(a)(3)(ii) and (d) and §1145, and Section 301(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(c).

8. At times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly payments to the plaintiff employee benefit funds in specified amounts and the submission of monthly reports.

9. The collective bargaining agreement referenced in Paragraph 8 requires defendant to pay liquidated damages of twenty percent (20%) on delinquent contributions.

10. Said collective bargaining agreement and the plans adopted by the Boards of Trustees of the plaintiff funds also provide that the plaintiffs shall be entitled to perform a financial examination of defendant's books and records periodically to ensure that employee benefit payments have been properly made in accordance with the terms of the agreement.

11. A financial examination was conducted on the records of defendant for the period of July 1, 2015 through June 30, 2017.  The report of that examination reveals that defendant owes $4,522.04 in underpaid contributions, $317.74 in supplemental dues to plaintiff Unions, and $904.41 in liquidated damages, along with interest that continues to accrue on the underpaid contributions.   The fee for the payroll examination was $1,567.00.

12. Plaintiffs are entitled to recover interest, liquidated damages, costs, and reasonable attorneys' and accounting fees pursuant to Section 502(g) of the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and the Funds' trust agreements.

WHEREFORE, Plaintiffs pray the Court as follows:

1. For a judgment against defendant based upon the findings of the financial examination in the total amount of $5,744.19 in contributions, supplemental dues, and liquidated damages, plus interest accruing through the date of judgment, as well as the audit fee of $1,567.00;

2. For an Order requiring defendant to pay plaintiffs' reasonable attorneys' fees and legal costs pursuant to 29 U.S.C. §1132(g);

3. For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Rd., Suite 210
St. Louis, Missouri  63131
Phone: (314) 727-1015
Fax:    (314) 727-6804
eperez@hammondshinners.com


*/s/ Emily R. Perez*
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 17, 2022, the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.

                                                                           */s/ Emily R. Perez*